IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02670-CBS

DAVID COSTILLA,

                Plaintiff,

v

HALL & LUDLAM, PLLC,

                Defendant.

---

## OPINION ON DEFENDANT'S MOTION TO DISMISS

---

Magistrate Judge Craig B. Shaffer

This action comes before the court on Defendant Hall & Ludlam, PLLC's, Motion to Dismiss (doc. #9) filed on December 7, 2016. Plaintiff David Costilla filed a Response (doc. #13) on December 27, 2016, and Defendant submitted a Reply (doc. # 17) on January 10, 2017. The case was referred to this court on December 27, 2016 by Order of Reference (doc. #14) "for all purposes" pursuant to D.C.COLO.LCivR 72.2(d) and 28 U.S.C. § 636(c). The court has reviewed the motion and all related briefing and exhibits, the entire case file, and the applicable law, and is sufficiently advised in the premises.

## BACKGROUND

Plaintiff David Costilla is an individual who has lived in Colorado continuously since July 2011, and is currently residing in Colorado Springs, Colorado. He was previously, as far back as 2005, a resident of Oklahoma City, Oklahoma. Defendant Hall & Ludlam is a law firm which represents Tinker Federal Credit Union in debt collection efforts. Both Defendant Hall & Ludlam and Tinker Federal Credit Union are based in Oklahoma. Mr. Costilla, in Oklahoma and

as an Oklahoma resident, entered into several loans with Tinker Federal Credit Union no fewer than five years prior to moving to Colorado. *See* District Court of Oklahoma County Petition, attached as Exhibit A to Defendant's Motion (doc. #9-1 at pages 10-14 of 14). Plaintiff's Complaint (doc. #1), filed on October 10, 2016, asserts a claim for violations of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692(b). Mr. Costilla alleges that Hall & Ludlum's "efforts to compel Plaintiff to respond and appear for debtor's exam by compelling him to travel from Colorado to Oklahoma" were false, deceptive, misleading, unfair or unconscionable and had the natural consequence to harass, oppress, or abuse in violation of FDCPA §§1692d, 1692e, and 1692f.

Specifically, Mr. Costilla asserts that Hall & Ludlam, representing Tinker Federal Credit Union in the collection of debt owed by Mr. Costilla, filed a lawsuit against him in the District Court of Oklahoma County ("Oklahoma Court"), on August 29, 2006. Hall & Ludlam then allegedly served Mr. Costilla via substitute service on September 16, 2006, and filed for a default judgement that was entered against him on November 3, 2006. On September 15, 2011, Hall & Ludlam purportedly filed a Notice of Renewal of Judgement with the Oklahoma Court but did not attempt to serve the Notice of Renewal upon Mr. Costilla. Plaintiff Costilla contends he was unaware of any action in the lawsuit after it was filed in 2006, and that Hall & Ludlam made no attempts to contact him prior to September 2016. On September 1, 2016, Hall & Ludlam allegedly filed a request with the Oklahoma Court for a Notice to Compel ("Notice") Mr. Costilla to appear in the Oklahoma Court, and had that Notice served on Mr. Costilla in Colorado. Finally, Mr. Costilla contends that despite knowing he resided in Colorado and that any assets he may have to satisfy the judgement were in Colorado, Hall & Ludlam made no effort to domesticate the judgment in Colorado.

Defendant's Motion to Dismiss (doc. #9), requests dismissal for lack of personal jurisdiction and failure to state a claim upon which relief can be granted. Defendant argues that Hall & Ludlam lacks the continuous and systematic contacts necessary to be "at home" in Colorado, that Hall & Ludlam lacks sufficient minimum contacts with Colorado, and that the exercise of personal jurisdiction would not comport with fair play and substantial justice. Additionally, Defendant asserts that Mr. Costilla fails to state a claim because the "mere service of the order was in no way deceptive or unfair," and not "an attempt to execute on assets." In his Response (doc. #13), Plaintiff Costilla argues that Colorado's long-arm statute makes personal jurisdiction proper, and that FDCPA litigation in the state where the consumer received the communication is fair and reasonable under Due Process. Plaintiff also contends that the conduct at issue was not the mere service of an order but the collection of debt through deceptive statements intended to strike fear into Mr. Costilla.

## ANALYSIS

Where a defendant is moving to dismiss under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, the court should first address the challenge to personal jurisdiction. "The question of personal jurisdiction must be addressed before a court can reach the merits of a case, because 'a court without jurisdiction over the parties cannot render a valid judgement.'" *Doe v. May*, No. 14-cv-01740-WJM-NYW, 2015 WL 8519519, at *3(D. Colo. Nov. 16, 2015)(quoting *Omi Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998)), *rec. adopted*, 2015 WL 8479808 (D. Colo. Dec. 10, 2015). To defeat a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden to show personal jurisdiction is present over the defendant. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir.

1998). When there is no evidentiary hearing, only a prima facie showing is needed to defeat the motion. *Id.* Well plead facts, distinguished from mere conclusory statements, must be accepted as true to the extent they are uncontested. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).[1]

"To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show both that jurisdiction is proper under the laws of the forum state and that the exercise of jurisdiction would not offend due process." *Intercon, Inc. v. Bell Atl. Internet Sols.*, 205 F.3d 1244, 1247 (10th Cir. 200) (citation omitted). "Colorado's long-arm statute…confers the maximum jurisdiction permissible consistent with the Due Process Clause," and thus the "inquiry effectively collapses" into the constitutional analysis. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). To exercise personal jurisdiction over a party, there must be: 1) certain minimum contacts with the forum state, 2) such that allowing the suit would not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Personal jurisdiction may be established through either general or specific jurisdiction. *See OMI Holdings, Inc.*, 149 F.3d at 1091. A court has general jurisdiction when a party's contacts with the forum state are "so 'continuous and systematic' as to render them essentially at home in the forum state." *Goodyear Dunlop Tires Operations. S.A. v. Brown*, 564 U.S. 915, 919 (2011). Mr. Costilla is not relying upon general jurisdiction in this case.[2]

---

[1] Here, Defendant's Motion has several exhibits attached to it. "A court may consider material outside of the pleadings in ruling on a motion to dismiss for lack of…personal jurisdiction," without converting "the motion into one for summary judgement; 'the plain language of Rule 12(b) permits only a 12(b)(6) motion to be converted into a motion for summary judgement.'" *1-800-Contacts, Inv. v. Mem'l Eye, PA*, No. 1:08-CV-983 TS, 2009 WL 1586654, at *1 n.1 (D. Utah, Jun. 4 2009).

[2] Defendant Hall & Ludlam and its attorneys are only licensed to practice law in Oklahoma. See Affidavit of Joel Hall, attached as Exhibit F to Defendant's Motion (doc. #9-6 ¶ 4). Hall & Ludlam has no clients, property, or assets in Colorado, and none of its attorneys travel there on business. *Id.* ¶¶ 5-9.

## A. Specific Jurisdiction

For specific jurisdiction, conduct establishing minimum contacts must be both
"purposefully directed" at the forum state, and the source from which the litigation arises. *Burger
King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985). An activity is purposefully directed when it
involves an intentional action, expressly aimed at the forum state, and with the knowledge that
the brunt of the injury would be felt in the forum state. *Dudnikov*, 514 F.3d at 1072 (citing
*Calder v. Jones*, 465 U.S. 783 (2008). "The unilateral activity of those claiming some
relationship with a nonresident defendant" is not enough to satisfy contact requirements for
specific jurisdiction. *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). The mere fact that conduct
affected a plaintiff in the forum state does not establish minimum contacts. *Walden v. Fiore*, 134
S. Ct. 1115, 1126 (2014). A defendant is not to be "haled into a jurisdiction solely as a result of
'random,' 'fortuitous,' or 'attenuated' contacts." *Burger King*, 471 U.S. at 475. Rather, the
defendant must have purposefully availed itself of the benefits and protections of the laws in the
forum state. *Hanson*, 357 U.S. at 253.

Defendant's Motion argues that that Hall & Ludlam did not purposefully create any
relationship with Colorado sufficient for minimum contacts. Hall & Ludlam contends that its
only contact with Colorado arises from Mr. Costilla's decision to move there from Oklahoma
after defaulting on a debt proceeding in the Oklahoma Court. Additionally, Defendant argues
that directing service of the Oklahoma Court's Notice was not debt collection activity, and that
the substance of Plaintiff's claims is with the Oklahoma Court's Notice, not its service.

Hall & Ludlam has represented Tinker Federal Credit Union against Plaintiff Costilla
since 2006. *See* Affidavit of Joel Hall, attached as Exhibit F to Defendant's Motion (doc. #9-6 ¶

10). In Oklahoma, on August 29, 2006, Hall & Ludlam filed a petition against Mr. Costilla related to a loan he had failed to pay. *Id.* ¶ 12. Mr. Costilla failed to respond and a default judgement was entered against him. *Id.* ¶ 13. The Oklahoma Court, following the default judgement, garnished Mr. Costilla's wages from November of 2006 to September of 2008. *Id.* ¶ 14. A balance on the judgement remains, and on August 23, 2016 the Oklahoma Court entered an order compelling Mr. Costilla to appear in Oklahoma and forbidding his transfer of property. *Id.* ¶¶ 14-15. The court's Order to Appear and Answer as to Assets And Forbidding a Transfer or Other Disposition of Property ("Notice") included the following language in bold capital letters:

> **YOU ARE ORDERED TO NOT PAY OUT, TRANSFER, MORTGAGE, ENCUMBER, OR MAKE OTHER DISPOSITION OF ANY MONEY OR PROPERTY, EITHER REAL OR PERSONAL, NOT EXEMPT BY LAW, EXCEPT IN THE ORDINARY COURSE OF BUSINESS, UNTIL FURTHER ORDER OF THIS COURT.**
>
> **YOUR FAILURE TO APPEAR MAY RESULT IN A WARRANT FOR YOUR ARREST. HEREOF, FAIL NOT UNDER PENALTIES OF LAW.**
>
> **BRING THIS ORDER TO COURT WITH YOU.**

 *See* Exhibit C to Defendant's Motion (doc. #9-3 at pages 3-4 of 4). The court's Notice was served on Mr. Costilla, in Colorado, on September 20, 2016, by a private process server based in Colorado. *See* Affidavit of Service attached as Exhibit D to Defendant's Motion (doc. #9-4 at page 1 of 5). On September 30, 2016, a bench warrant was issued by the Oklahoma Court, ordering the arrest of Mr. Costilla for failing to comply with the served Notice. *See* Bench Warrant Order attached as Exhibit E to Defendant's Motion (doc. #9-5)

Plaintiff Costilla argues that Hall & Ludlam has sufficient minimum contacts for specific jurisdiction because serving the Notice was conduct directed at Colorado, and Hall & Ludlam

was aware the brunt of the harm would be suffered in Colorado.[3] Plaintiff Costilla compares the

instant case to *Myers v. Bennett Law Offices,* 238 F.3d 1068, 1075 (9th Cir. 2001), where the

defendant's retrieval in the forum state of the plaintiff's credit reports established minimum

contacts adequate for specific jurisdiction. In *Myers*, the underlying conduct was an allegedly

unlawful disclosure of credit information deemed confidential in violation of the Fair Credit

Reporting Act ("FCRA") 15 U.S.C § 1681(b). *Id.* The defendant's conduct, accessing private

information, and the harm, violation of the plaintiff's FCRA right to privacy, occurred in the

forum state. *Id.* The court in *Myers* found minimum contacts because, in contrast to the case at

bar, the forum state was the "focal point both of the credit report inquiry and of the harm

suffered" *Id.* at 1074 (quoting *Calder*, 465 U.S. at 789). In this case, Plaintiff Costilla's claims

arise under a completely different statute, and the underlying conduct alleged, Hall & Ludlam's

debt collection lawsuit, occurred almost completely in Oklahoma. Even if, as Mr. Costilla

argues, directing service of the Notice was a debt collection action under the FDCPA, its

connection to Colorado would still be too "random," "fortuitous," and "attenuated" to form the

basis for personal jurisdiction. *See Burger King*, 471 U.S. at 475.

Guiding this court's analysis is *Anzures v. Flagship Restaurant Group*, 819 F.3d 1277,

1281 (10th Cir. 2016), where the 10th Circuit affirmed that personal jurisdiction was not

appropriate over out-of-state defendants who allegedly made fraudulent statements about a

Colorado resident's out-of-state business dealings. The court in *Anzures* found that the

defendant's statements harming the plaintiff's income in Colorado did not create a "meaningful

connection" with Colorado for minimum contacts. *Id.* In this case, as in *Anzures,* "Colorado was

not the focal point of [the defendant's] suit-related activities," and "the fact that [the plaintiff]

---

[3] Plaintiff is unclear as to what harm Defendant would cause solely by providing Mr. Costilla's address for the service of a court's notice.

was affected in Colorado (because he resides there) is insufficient to authorize personal jurisdiction over [the defendant]." *Id.* at 1281-82.

Mr. Costilla's move to Colorado, several years after the debt collection action had commenced in Oklahoma, would not lead Hall & Ludlam to reasonably foresee being haled into court in Colorado. As noted in Defendant's Reply, "service, in and of itself, is an inadequate contact with the state…to create specific jurisdiction." *Miner v. Rubin & Fiorella, LLC*, 242 F.Supp.2d 1043, 1047 (D. Utah 2003), *See also Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1077 (10ᵗʰ Cir. 1995) (holding "it is well-established that phone calls and letters are not necessarily sufficient in themselves to establish minimum contacts."). Because Hall & Ludlam's actions do not create a "substantial connection" with the forum state, Mr. Costilla has failed to make a prima facie case for personal jurisdiction.

## B. Fair Play and Substantial Justice

Even assuming that Defendant has sufficient minimum contacts for the exercise of specific jurisdiction the court cannot proceed if personal jurisdiction based on those contacts would offend "traditional notions of fair play and substantial justice." *Dudnikov*, 514 F.3d at 1080. To address these concerns, a court will weigh various factors including, "the burden on the defendant, the interests of the forum state, the plaintiff's interest in obtaining relief," the "judicial system's interest in obtaining the most efficient resolution[,] and the shared interest of several states in furthering fundamental substantive social policies." *Asahi Metal Indus. Co. v. Superior Ct. of California*, 480 U.S. 102, 113 (1987).

In applying the factors of fair play and substantial justice outlined in *Asahi*, Defendant argues that the burden on Hall & Ludlam would be significant, that Colorado's interest in the resolution of this case is minimal, that Mr. Costilla's ability to pursue relief in Oklahoma is

unimpaired[4], and that the judicial system's interest in efficient resolution does not favor jurisdiction in Colorado.

Plaintiff Costilla's Response contends that personal jurisdiction over Hall & Ludlam in Colorado would be "fair and reasonable" under Due Process.[5] Plaintiff Costilla's argument relies on *Keefe v. Kirschenbaum & Kirschenbaum, P.C.,* 40 P.3d 1267 (Colo. 2002), notwithstanding that court's acknowledgement that "single or occasional acts related to the forum may not be sufficient to establish jurisdiction if… the circumstances of their commission create only an 'attenuated' affiliation with the forum," and that it was the defendant's creation of "continuing obligations" with the forum state that formed the basis for personal jurisdiction. Notably, the 10th Circuit declined to follow the *Keefe* court's application of personal jurisdiction to an out-of-state law firm, holding that "an out-of-state attorney working from out-of-state on an out-of-state matter does not purposefully avail himself of the client's home forum's laws and privileges, at least not without some evidence that the attorney reached out to the client's home forum to solicit the client's business." *Newsome v. Gallacher*, 722 F.3d 1257, 1280 (10th Cir. 2013).

Mr. Costilla also cites *Vlasak v. Rapid Collection Systems*, 962 F. Supp. 1096 (N.D. Ill. 1997), appearing to confuse minimum contacts with fair play and substantial justice concerns.[6] The defendant in *Vlasak* had significantly greater contact with the forum state than Hall & Ludlam in this case. *See Id.* In *Vlasak*, a private debt collector initiated contact with the resident plaintiff, demanded immediate payment in the forum state, and threatened the plaintiff's credit

---

[4] Plaintiff's counsel, based in Chicago, will need to travel a similar amount either way. The burden of traveling between Colorado and Oklahoma is negligible on both Plaintiff and Defendant.

[5] Plaintiff also claims, without further analysis or explanation, that "[m]ost courts have held that FDCPA litigation is appropriately filed within the district where the consumer received the communication."

[6] Mr. Costilla discusses in passing *Flores v. Quick Collect*, 2007 WL 433239 (D. Ore. 2007), an FDCPA case that does not mention personal jurisdiction. He then suggests that Colorado's Uniform Enforcement of Foreign Judgements Act ("UEFJA") is "being circumvented by outside forces upon its residents." Colorado's UEFJA is a state law unrelated to this claim.

rating in the forum state. *Id.* Additionally, the *Vlasak* court's concern that debt collectors may have an unfair advantage against debtors by filing suit in distant forums is not an issue here, as the underlying debt action was filed in Mr. Costilla's state of residence at the time. *Id.* at 1101-1103.

This court's analysis finds that compelling Hall & Ludlam to submit to jurisdiction in Colorado would not comport with Due Process concerns of fair play and substantial justice. First, while the burden on Defendant would not be considerable, it is still only one of the factors to be considered. Second, Colorado's interest in the resolution of a debt agreement initiated by then Oklahoma residents is minimal. Third, Mr. Costilla's cause of action is at least as suitable for relief in Oklahoma as it is in Colorado. Last, the judicial system's interest in finding an efficient resolution, and the furtherance of substantial social policy fall squarely against exercising specific jurisdiction over Hall & Ludlam in Colorado. As has already been stated, much of the underlying conduct, both alleged in the Complaint and likely to be relevant in resolving this dispute, are in Oklahoma.

In sum, Plaintiff has failed to make a prima facie showing of personal jurisdiction under FRCP 12(b)(2). Directing the service of the Notice to a Colorado resident for a debt action originating in Oklahoma is too "attenuated" and "fortuitous" to satisfy minimum contact requirements for specific jurisdiction. *See Burger King*, 471 U.S. at 475. Even if such requirements were satisfied, requiring Hall & Ludlam to submit to jurisdiction in Colorado would not comport with Due Process concerns of fair play and substantial justice. Therefore, the claim against Defendant Hall & Ludlam must be dismissed without prejudice. [7]

---

[7] The FDCPA allows that "an action to enforce any liability created by [the FDCPA] may be brought in any appropriate United States district court without regard to the amount in controversy, or any other court of competent jurisdiction, within one year from the date on which the violation occurs." *Johnson v. Riddle*, 305 F.3d 1107, 1113

**CONCLUSION**

Accordingly, this court grants Defendant's Motion to Dismiss[8] for lack of personal

jurisdiction, and dismisses the claims against Defendant Hall & Ludlam, PLLC without

prejudice.

DATED this 15th day of June, 2017.

BY THE COURT:

 s/ Craig B. Shaffer
U.S. Magistrate Judge

---

(10th Cir. 2002) (quoting 15 U.SC. § 1692k(d) ). Plaintiff is free to refile in the appropriate jurisdiction before the expiration of one year past the alleged violation.

[8] Having determined the court lacks personal jurisdiction over Hall & Ludlam, Defendant's Motion to Dismiss for failure to state a claim suitable for relief need not be addressed.